UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

In re: Potential Retroactive
Application of the Supreme
Court's *Johnson v. United States*
Decision

## STANDING APPOINTMENT ORDER

Pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A(a)(1) and (c), and because of the need to efficiently process cases affected by *Johnson v. United States*, 135 S. Ct. 2551 (2015), it is hereby ordered that the Federal Public Defender for the Western District of Texas is appointed to represent defendants who are or may potentially be affected by the *Johnson* decision to determine whether those defendants may qualify for federal habeas relief and to request relief for those they determine qualify.  The defendants affected by this Order are those who are listed on the United States Sentencing Commission's lists of defendants still serving sentences under the Armed Career Criminal Act and Guideline §4B1.1, those who may be included on lists of defendants sentenced under other statutory and guideline provisions implicated by *Johnson*, and those who do not appear on these lists but nonetheless may be eligible.  A running list of potentially affected defendants, the "*Johnson* list," shall be maintained by the Federal Public Defender and made available to the Court.  Such appointment does not extend to defendants

not eligible for appointed counsel under 18 U.S.C. § 3006A or to cases where other counsel has already been appointed or retained.  The appointment will terminate upon the district court's ruling or the conclusion of the appellate process, unless otherwise ordered by the Court.

Accordingly, it is hereby ORDERED that the Federal Public Defender is appointed to represent defendants seeking to raise a claim pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015) and who are named on the Western District of Texas's "*Johnson* list," which is maintained on the Federal Public Defender Western District of Texas website.[1]

This Order does not extend to a defendant (1) who has retained counsel or (2) who is not financially eligible for appointment of counsel under 18 U.S.C. § 3006A. If the Federal Public Defender's Office or previously retained or appointed counsel believes there is a conflict that would prevent the Federal Public Defender's Office from continuing its representation of an individual defendant, counsel shall bring such conflict to the attention of the Court for adjudication of the issue.  If a conflict prevents the Federal Public Defender from acting on behalf of a financially eligible defendant, the Federal Public Defender must file a motion to substitute other counsel.

---

[1] If this Order is filed in the defendant's case, that defendant is included in the "*Johnson* list."

The Probation Office is authorized to disclose to the Federal Public Defender's Office and the U.S. Attorney's Office documents relevant to this appointment, including the defendant's Presentence Investigation Report, Judgment, and Statement of Reasons.

The Office of the Clerk of Court for the Western District of Texas is authorized to disclose to the Federal Public Defender's Office and the U.S. Attorney's Office, documents from the defendant's case file that are not otherwise available through the judiciary's Public Access to Court Electronic Records ("PACER") service to determine the defendant's eligibility, the extent of relief, and the conflicts. The Federal Public Defender's Office may not disclose these materials except to subsequently appointed counsel, unless otherwise ordered by the Court.

Signed this 15th day of **April, 2016.**

_____
PHILIP R. MARTINEZ
United States District Judge

_____
KATHLEEN CARDONE
United States District Judge

_____
FRANK MONTALVO
United States District Judge

_____
DAVID GUADERRAMA
United States District Judge

_____
DAVID BRIONES
Senior United States District Judge